STATE

v.

**John H. CLARKE.**

No. 80–499–C.A.

Supreme Court of Rhode Island.

July 26, 1982.

Dennis J. Roberts, II, Atty. Gen., Alan R. Tate, Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Chief Appellate Atty., Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the defendant's appeal from a judgment of conviction in the Superior Court of murder in the second degree. The defendant has raised a number of issues in support of his appeal, including the assertion that the trial justice erred in denying a motion to sever the defendant's case from that of two codefendants. We find that the trial justice committed reversible error in denying severance, and therefore we vacate the defendant's conviction. Our disposition of the severance issue makes it unnecessary to reach the defendant's other assertions of error.

The murder of Dennis Grundy occurred on the rainy evening of January 13, 1979. Early that evening James and Arthur Grundy, both brothers of the deceased, Patricia Grundy, the wife of the deceased, and Karen Cochrane, the sister-in-law of the deceased, were socializing at the home of Dennis Grundy. Dennis and Patricia Grundy decided that they wanted two parked automobiles removed from their property and had Karen Cochrane telephone the man responsible for placing the cars there. The responsible party was defendant John

Clarke. He arrived at the Grundy residence at approximately 7:30 p. m., accompanied by Abel Tavares and George Matera. Clarke had recently recovered from pneumonia and was angry about having to remove the vehicles in the course of a rainstorm.

Clarke started one of the cars and left the Grundy premises followed by Tavares and Matera. About an hour and a half later the three returned for the second car. Clarke, Tavares, and Matera entered the Grundy home, Clarke obtained a coat hanger with which to start the car, and the three men returned into the night. Dennis Grundy went out after Clarke, apparently "to tell him no hard feelings."

Some minutes later Karen Cochrane looked outside to see what Dennis was doing. She found her brother-in-law lying in the driveway with John Clarke on top of him. Karen ran to get the others after Clarke ordered her back into the house. Arthur Grundy testified that he was the first person out the door. Arthur stated that as he came out of the house he saw Dennis on his knees supported by John Clarke, who was in front of Dennis holding him by the arms. Abel Tavares was immediately behind Dennis and apparently punched him twice. Arthur Grundy testified that when he got close to the three men, he saw that Tavares held an ice pick in his hand.

After a brief altercation several persons carried Dennis into the house. He bled from the nose and mouth and was unconscious. Removal of his shirt revealed five puncture wounds in his chest, side, and stomach. Clarke, Tavares, and Matera fled before the rescue squad and police arrived.

The state charged and tried Clarke, Tavares, and Matera jointly for the murder of Dennis Grundy. Before trial the public defender representing Clarke moved to sever his trial on various Sixth Amendment grounds. The trial justice denied the motion. Clarke's attorney renewed the motion to sever during the trial after Abel Tavares testified in his own defense. Tavares testified that he waited in Matera's car while Clarke went to start the second automobile. After fifteen or twenty minutes, Tavares stated, he got out of the car to see what was keeping Clarke. Tavares asserted that as he walked up the driveway, "I seen Johnny Clarke stab Dennis Grundy about 4 or 5 times in the stomach" with what "looked like an ice pick to me." Tavares denied any involvement in the stabbing. Despite this testimony the trial justice again denied defendant's motion to sever. Defendant John Clarke did not testify in his own defense.

■ In *State v. Gibbons*, R.I., 418 A.2d 830 (1980), this court recently explicated the principles of law controlling severance of joint trials. A defendant is not entitled to severance as a matter of right; the grant or denial of severance rests within the sound discretion of the trial justice. This court will overturn a trial justice's denial of severance only upon the defendant's affirmative showing "that he has in fact suffered 'prejudice sufficiently substantial to impinge upon his right to a fair trial.'" *Id.* 418 A.2d at 835 (quoting *State v. Patriarca*, 112 R.I. 14, 28, 308 A.2d 300, 310 (1973)).

■ A defendant's right to a fair trial is sufficiently threatened so as to warrant severance when he and his codefendant present antagonistic defenses. *State v. Gibbons*, R.I., 418 A.2d at 835; *State v. Carsetti*, 111 R.I. 642, 645, 306 A.2d 166, 168 (1973); *see* 2 ABA Standards for Criminal Justice, Standard 13–3.2(b)(ii) at 13.34, and commentary at 13.37 to 13.38 (2d ed. 1980). Severance is warranted if the conflict between the defenses is real and substantial and of such an irreconcilable nature that it is likely the jury will infer guilt on the basis of the conflict alone. *State v. Gibbons*, R.I., 418 A.2d at 835. It would violate the essential concept of fair trial to require an accused to defend against the two-sided attack of a prosecutor and a codefendant. *State v. Gibbons*, R.I., 418 A.2d at 835; *State v. Thibodeaux*, 315 So.2d 769, 771 (La.1975); *Jung v. State,* 32 Wis.2d 541, 546, 145 N.W.2d 684, 687 (1966), *cert. denied*, 386 U.S. 999, 87 S.Ct. 1321, 18 L.Ed.2d 349 (1967).

 It is difficult to conceive of a case in which the defenses of codefendants would be more antagonistic than in the case at bar. Defendant John Clarke exercised his constitutional right not to testify, apparently relying for his defense on the fact that no eyewitness saw him hit or stab Dennis Grundy. Defendant Abel Tavares, whom Arthur Grundy saw punching or stabbing Dennis Grundy, did testify on his own behalf. Tavares asserted as his defense that he had no involvement in Grundy's murder and that he witnessed John Clarke stab Grundy with an ice pick. Refusing to grant severance after this testimony, the trial justice forced defendant Clarke to face the accusations both of the state and of Abel Tavares. The prejudice to Clarke was severe and required severance.

For the reasons stated, the defendant's appeal is sustained and his conviction vacated. The papers in the case may be remanded to the Superior Court for further proceedings consistent with this opinion.