John H. CLARKE

v.

John MORAN.

No. 82–361–M.P.

Supreme Court of Rhode Island.

Oct. 15, 1982.

William F. Reilly, Public Defender, Barbara Hurst, Chief Appellate Atty., George Muksian, Asst. Public Defender, for petitioner.

Dennis J. Roberts, II, Atty. Gen., Alan R. Tate, Asst. Atty. Gen., for respondent.

## OPINION

PER CURIAM.

This is a petition for habeas corpus wherein the petitioner, who is charged with murder in the second degree, seeks to be released on bail pursuant to the provisions of article I, section 9, of the Rhode Island Constitution. The petitioner was found guilty by a jury in the Superior Court of second-degree murder on February 6, 1980. He was sentenced on May 23, 1980, to serve a term of twenty-five years in the Adult Correctional Institutions. Thereafter the petitioner filed a timely notice of appeal, and on July 26, 1982, the petitioner's appeal was sustained, the conviction vacated, and the case remanded to the Superior Court for a new trial. *State v. Clarke,* R.I., 448 A.2d 1208 (1982).

 On August 13, 1982, petitioner's request for bail pending retrial was denied by a justice of the Superior Court. Article I, sec. 9, of the Rhode Island Constitution reads in pertinent part:

"All persons imprisoned ought to be bailed by sufficient surety, unless for offenses punishable by death or by *imprisonment for life,* when the proof of guilt is evident or the presumption great." (Emphasis added.)

Since petitioner's conviction has been vacated, he stands in the same position as any other person awaiting trial upon an indictment and is subject to the foregoing constitutional provisions. Although the crime of second-degree murder is punishable by a maximum penalty of life imprisonment, G.L.1956 (1981 Reenactment) § 11–23–2, absent special circumstances, the doctrine of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), precludes the imposition of an enhanced penal-

ty when a defendant is tried and convicted a second time. In order to prevent actual or apparent judicial vindictiveness, the Supreme Court of the United States, under the rubric of due process, declared that an enhanced penalty following a retrial would be permissible only if based upon identifiable conduct that occurs subsequent to the time of the original sentence.

In the instant case, the state points to no identifiable conduct occurring subsequent to the time of the original sentence upon which an enhanced penalty might be based. It appears, therefore, that the maximum penalty that might be imposed upon this petitioner would be limited to the twenty-five-year sentence previously ordered at his original trial. Consequently, we are of the opinion that the petitioner is entitled under art. I, sec. 9, of the Rhode Island Constitution to have bail set pending his retrial.

 Therefore, this case is remanded to the Superior Court with directions to set reasonable bail pending retrial of the petitioner. In the setting of bail, the court may take into account such issues as the likelihood of the petitioner's appearance at trial and any danger to be posed by this petitioner to one or more of the witnesses in the case. *See Carbo v. United States,* 82 S.Ct. 662, 7 L.Ed.2d 769 (1962).[1]

BEVILACQUA, C.J., and SHEA, J., did not participate.

---

1. Although in *Carbo v. United States,* 82 S.Ct. 662, 7 L.Ed.2d 769 (1962), Justice Douglas dealt with a request for bail pending appeal, dictum indicated that a court may consider attempts to interfere with witnesses in the granting or withholding of bail. *Id.* at 668, 7 L.Ed. at 775. He was not, however, dealing with a constitutional provision such as that of Rhode Island which guarantees the right of bail. The Eighth Amendment to the Constitution of the United States does not specifically set forth an absolute right to bail, though it prohibits "excessive bail." It should be noted that *Stack v. Boyle,* 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3, 6 (1951), seems to assume that a statutory right to the setting of bail exists in the federal system.