**STATE**

v.

**John MORRIS.**

No. 86–326–C.A.

Supreme Court of Rhode Island.

March 20, 1987.

James E. O'Neil, Atty. Gen., Jane McSoley and Thomas Dickinson, Sp. Asst. Attys. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, for defendant.

## OPINION

PER CURIAM.

This case came before us for oral argument on March 6, 1987, pursuant to an order that had been directed to both parties to appear and show cause why the issues raised in the appeal should not be summarily decided. Although this case was placed on the summary-disposition calendar, both parties filed extensive prebriefing and supplemental memoranda. Moreover, counsel for the defendant was permitted to argue at length in support of the issues raised on appeal.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we shall comment briefly upon the issues raised by defendant.

### I

■ We are of the opinion that the argument that the information should have been dismissed or certain evidence should have been excluded on the ground that the participation of Agent Michael Lawrence was in violation of 18 U.S.C. § 1385 (the Posse Comitatus Act) is without merit. It is highly doubtful that this act was applicable to the United States Navy and particularly to an employee of the Naval Investigative Service. However, if we assume without deciding that the act might be applicable, what consequences should follow? Based upon reason and the overwhelming weight of authority, a violation of the act by a member of the investigative team does not lead to dismissal of a charge or exclusion of evidence.

### II

■ The defendant argues that his motion for judgment of acquittal on the charges of delivery of a controlled substance and conspiracy to deliver should have been granted. We are of the opinion that viewing the evidence in the light most favorable to the state and drawing all reasonable, favorable inferences therefrom, the trial justice properly concluded that there was sufficient evidence to go to the jury on both the issue of delivery and that of conspiracy. There was evidence that could support the inference that defendant was aware of the involvement of Agent Lawrence as a third party to whom the heroin would ultimately be delivered.

### III

■ The defendant argues that his motion for new trial on the ground of newly discovered evidence should have been granted. We are of the opinion that the trial justice did not err in ruling that this evidence did not qualify as newly discovered and that it was also unlikely to affect the verdict of a jury at a new trial. *See State v. Tavares*, 461 A.2d 390 (R.I.1983).

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment of conviction and the ruling denying the defendant's motion for new trial are hereby affirmed. In light of the foregoing determination the motion for release pending appeal is denied pro forma. The papers in the case may be remanded to the Superior Court.