**STATE**

v.

**Arthur FONTAINE.**

**No. 88–257–C.A.**

Supreme Court of Rhode Island.

May 31, 1989.

James E. O'Neil, Atty. Gen., Jane McSoley, Jeffrey J. Greer, Asst. Attys. Gen., for plaintiff.

Neill B. Lyon, Carolyn R. Barone, Kirshenbaum Law Associates, Warwick, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the appeal of Arthur Fontaine (applicant) from the denial of his application for postconviction relief pursuant to G.L.1956 (1985 Reenactment) § 10–9.1–1. We vacate the denial and remand for further proceedings. The facts upon which this application must be determined are as follows.

On August 31, 1982, the applicant was sentenced to ten years' imprisonment after being convicted of sexual assault in the third degree in violation of G.L.1956 (1981 Reenactment) § 11–37–6, and commission of the abominable and detestable crime against nature in violation of G.L.1956 (1981 Reenactment) § 11–10–1. The applicant had pleaded nolo contendere to said charges, and his sentence was suspended subject to a period of probation in respect to each charge.

During the probationary period, in April of 1987, applicant was charged with violation of his probation as a result of two new criminal charges, one count of sexual assault in the third degree and one count of first-degree child-molestation sexual assault, in violation of G.L.1956 (1981 Reenactment) §§ 11–37–6 and 11–37–8.1, as amended by P.L.1984, ch. 59, § 2. These offenses had allegedly been committed against Shawn G. (who was over the age of thirteen years but under the age of sixteen years) and Christine S. (a person thirteen years of age or younger). On April 30, 1987, applicant admitted that he was in violation of his probationary status, and also pleaded nolo contendere to the 1987 charges. As a result of these admissions and pleas, applicant was sentenced to serve five and six years of imprisonment concurrently.

Thereafter, on February 10, 1988, applicant filed a motion for postconviction relief on the basis of the alleged recantation of the charges that had been brought against him by the two complaining witnesses. Both witnesses stated to counsel for applicant that they had been lying when they told the police that Fontaine had sexually assaulted them, and signed affidavits to that effect. On April 11, 1988, applicant appeared before the same justice who had presided at the violation hearing and the taking of the nolo pleas. The trial justice considered this application for postconviction relief together with the affidavits of the recanting complaining witnesses, and denied the application on the ground that applicant was barred by reason of his admissions of violation and nolo pleas from seeking postconviction relief on the basis of this newly discovered or newly available testimony. The trial justice did not hold an evidentiary hearing but apparently decided the case as a matter of law.

Section 10–9.1–1 states in pertinent part:

"(a) Any person who has been convicted of, or sentenced for, a crime, a violation of law, or a violation of probationary or deferred sentence status and who claims:

\*    \*    \*    \*    \*    \*

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

\*    \*    \*    \*    \*    \*

may institute, without paying a filing fee, a proceeding under this chapter to secure relief."

It should be noted that the foregoing language is not identical to the language of Rule 33 of the Superior Court Rules of Criminal Procedure, which governs the filing of motions for new trial based on the ground of newly discovered evidence. Such a motion must be made within two years after entry of judgment by the court.

The application for postconviction relief has no such time limit. We have construed on a number of occasions the provision relating to newly discovered evidence. *See, e.g., State v. Estrada,* 537 A.2d 983 (R.I.1988); *State v. Brown,* 528 A.2d 1098 (R.I.1987); *State v. Tavares,* 461 A.2d 390 (R.I.1983); *State v. Bassett,* 447 A.2d 371 (R.I.1982); *State v. Carsetti,* 111 R.I. 642, 306 A.2d 166 (1973). However, we have not construed the language of § 10–9.1–1(a)(4) in circumstances similar to those obtaining in the case at bar. Nevertheless, in *State v. Ouimette,* 115 R.I. 476, 348 A.2d 366 (1975), we did indicate that the standard for granting a new trial on application for postconviction relief was similar to that which would be applied in a motion for new trial.

■ In substance as we have previously held, newly discovered evidence must actually be newly discovered since trial. The defendant must have been diligent in attempting to discover the evidence for use at the original trial. The evidence must not be merely cumulative or impeaching but must be material to the issue and be of the kind that would probably change the verdict if a new trial were had. *State v. Brown,* 528 A.2d at 1104; *State v. Tavares,* 461 A.2d at 391–92. We further stated in *Brown* that in the event the evidence meets the threshold test, it remains for the trial justice to determine whether the evidence presented is credible enough to warrant a new trial. In so doing the trial justice must exercise his or her independent judgment in regard to the credibility of the witnesses and the weight to be given to their testimony. In the ordinary course of events, such determinations would of necessity be made at an evidentiary hearing. No such hearing was conducted in this case.

Apparently the trial justice took the position that applicant's own admission of violation and his pleas of nolo contendere to the new charges upon which his violation was based would bar him from consideration of his postconviction application. We respectfully disagree.

We recognize that under Rhode Island procedure a plea of guilty or nolo contendere will only be accepted by a trial justice if there is a factual basis for such plea pursuant to Rule 11 of the Superior Court Rules of Criminal Procedure. To this end, the trial justice is required to examine the defendant in open court in order to determine whether the plea "is made voluntarily with understanding of the nature of the charge and the consequences of the plea" and also to determine "that there is a factual basis for the plea." Super. R. Crim. P. 11.

■ In *State v. Fritz,* 157 Ariz. 139, 755 P.2d 444 (1988), the Arizona Court of Appeals determined that an applicant was not barred from seeking postconviction relief on the ground of "newly discovered evidence" when he had entered a guilty plea pursuant to the principles enunciated in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The so-called *Alford* plea is a procedure approved by the Supreme Court of the United States under which a person charged with a criminal offense may plead guilty even though he maintains his innocence as long as the state presents a factual basis for such plea through evidence other than the defendant's own admission. Although *Alford* dealt with a guilty plea, undoubtedly the same principles could apply even more strongly to a plea of nolo contendere. In the latter situation, a defendant merely declines to contest the charge. However, under our procedure, the defendant is required to furnish a factual basis for the plea not only by his statements given in open court but also by an affidavit that is required to be filed by the defendant prior to the plea hearing. See *State v. Feng,* 421 A.2d 1258, 1274 (R.I.1980). In this affidavit, the defendant usually admits the charge or admits that the state is prepared to prove sufficient facts to obtain a conviction.

Nevertheless, we recognize that a nolo plea (even though the *Alford* restrictions are not placed upon it by the defendant) is frequently entered by the defendant on the basis of the perceived strength of the state's case. If the defendant believes that he cannot prevail at a trial on the issues, he

may well appropriately decline to contest the charges, recognizing that such a contest would be futile and that he may obtain more lenient treatment by pleading nolo. We are also aware, however, that the foundation and purpose of plea bargaining would be undermined by allowing a party to request withdrawal of a guilty or nolo plea after he had solemnly entered the same. *See State v. McFord,* 125 Ariz. 377, 379, 609 P. 2d 1077, 1079 (1980).

 Nevertheless, we are specifically instructed by the Legislature under our postconviction statute to consider on such an application whether "there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interests of justice." This statutory mandate does not depend upon the plea entered by the applicant or the question of whether the applicant has been convicted after trial. Consequently we believe that if a prima facia showing is made that such facts exist, an evidentiary hearing by the trial justice is required.

At such an evidentiary hearing the trial justice may consider the proposed recanted accusation of the complaining witnesses and may assess the credibility thereof. The trial justice may further weigh the credibility of these statements in light of the defendant's admissions in open court or by affidavit of the factual basis for his plea. We do not believe that this process may be carried out without taking the testimony of witnesses at an evidentiary hearing. To block the consideration of evidence in such a case by reason of the entry of a prior plea may not be in furtherance of justice as the statute commands. However, the mere presentation of affidavits need not warrant the granting of a new trial. If after a full and comprehensive consideration of the proposed recanted testimony in light of the applicant's admissions and plea of nolo the trial justice is of the opinion that on the totality of the circumstances a new trial is or is not warranted, then his determination will be given the usual deference that we accord to the trial justice in such a situation. *State v. Colla-*

*zo,* 446 A.2d 1006, 1012 (R.I.1982). In the case at bar, the trial justice determined as a matter of law that no such evidentiary hearing was required. This determination did not comport with the statutory imperative of § 10–9.1–1(a)(4).

For the reasons stated, the applicant's appeal is sustained. The denial of the application for postconviction relief is hereby vacated. The papers in the case may be remanded to the Superior Court for further proceedings in accordance with this opinion.