**STATE**

v.

**William BURKE et al.**

**No. 88–263–C.A.**

Supreme Court of Rhode Island.

June 15, 1989.

---

James E. O'Neil, Atty. Gen., Annie Goldberg, Jeffrey Greer, Asst. Attys. Gen., for plaintiff.

Paula Rosin, Barbara Hurst, Asst. Public Defenders, Daniel V. McKinnon, McKinnon & Harwood, Pawtucket, for defendant.

## OPINION

MURRAY, Justice.

William Burke and Kelly Crosby, the defendants, appeal from a Superior Court decision denying their motions for a new trial on the grounds of newly discovered evidence. The defendants' first trial ended in the declaration of a mistrial. At the conclusion of their second trial, a Superior Court jury returned guilty verdicts against both the defendants on seven counts of robbery and one count of assault with intent to rob. The jury also found Burke guilty of carrying an unlicensed pistol. At the defendants' first trial in September of 1984, certain articles of clothing allegedly worn by Crosby during the robbery were available for admission in evidence against both the defendants. This evidence, found near the crime scene, consisted of a discarded nylon stocking, a pair of blue jeans, an orange toque, a red bandanna, and a gray hooded sweatshirt. At the time of the second trial in June of 1985, however, this tangible evidence apparently could not be located. Consequently, previously taken black-and-white photographs of the lost items were admitted in evidence at trial without objection. Once tried and convicted, the defendants moved for a new trial. The trial justice denied their motions on October 4, 1985, and the defendants appealed.

Approximately one month later, during the pendency of defendants' appeal, the state notified both defendants that the physical evidence had been located by the Cumberland police "on October 31, 1985 while they were transferring evidence to a new evidence locker, buried under some other evidence." After an inspection of the various items, Burke and Crosby both moved for a new trial, each resting their motions on newly discovered evidence. On March 26, 1987, this court remanded the matter to the Superior Court for the limited purpose of allowing defendants to present such motions to a justice of that court while we specifically retained defendants' direct appeal on our May 1987 argument calendar. Thereafter we affirmed defendants' convictions in *State v. Burke*, 529 A.2d 621 (R.I.1987). Each defendant then requested a hearing on his motion for a new trial in the Superior Court. The trial justice who presided over defendants' second trial heard and denied both motions. It is the denial of these motions that Burke and Crosby appeal.

This court has set forth on numerous occasions the standard for granting a motion for a new trial based on newly discovered evidence. *See, e.g., State v. Brown*, 528 A.2d 1098, 1104 (R.I.1987); *State v. Bassett*, 447 A.2d 371, 375 (R.I.1982); *State v. Carsetti*, 111 R.I. 642, 650–51, 306 A.2d 166, 171 (1973). To serve as a proper basis for a new trial, the evidence must be either

newly discovered or newly available since trial. *State v. Tavares,* 461 A.2d 390, 392 (R.I.1983). We have further stated that the "evidence, even if otherwise qualifying as newly discovered [or newly available], will not be new trial entitling if merely impeaching or cumulative or if of such a nature as would not in all probability change the verdict at a new trial." *State v. Benoit,* 117 R.I. 69, 81, 363 A.2d 207, 214 (1976). Only when the trial justice misconceives or overlooks material evidence or otherwise clearly errs will this court disturb a decision denying a motion for a new trial. *State v. Tooher,* 542 A.2d 1084, 1087 (R.I.1988).

The trial justice in the instant case found that the evidence would be, at most, cumulative and impeaching. Even conceding that the evidence was in fact newly discovered, he emphatically concluded that it "would not under any stretch of any reasonable imagination probably change the verdicts at any new trial." Thus both motions were denied.

Burke argues strenuously on appeal that the trial justice erred in assessing the nature and exculpatory value of the newly found evidence. Specifically Burke claims that the introduction of the tangible evidence constitutes more than mere photographs and would enable jurors to evaluate such physical characteristics as the color, size, and condition of the articles of clothing. Crosby similarly asserts that the nature and size of the actual clothing bore directly on the issue of identity and further supported his contention that he was being framed. This is particularly true, Crosby argues, in light of the fact that the clothing, specifically the pants, fit him snugly at the time of the motion hearing—despite his having allegedly shed between fifteen and twenty undesirable pounds since the date of the robbery.

We shall assume that the state's failure to exercise reasonable diligence to locate and produce evidence, which was at all relevant times located in the evidence locker at the Cumberland police station, constitutes newly available evidence under *State v. Tavares, supra.* Under that assumption we are still unable to agree with defendants, however, that on the record before us the trial justice committed reversible error in concluding that the evidence was merely cumulative and impeaching. Had the actual articles of clothing been available, counsel for Burke acknowledges, defendants could have effectively cross-examined each robbery victim in an effort to impeach his or her ability to observe and recall accurately the appearance of the perpetrator. Additionally, as Burke again concedes, the evidence could have been used to attack the credibility of one of the state's key witnesses, whose aid Crosby attempted to enlist in disposing of the evidence at issue. It is apparent to this court that in the case at bar the primary value of the physical evidence is its usefulness in impeaching various witnesses of the state.

Supportive of our conclusion is the trial justice's specific finding that the clothes, while not custom-tailored, generally fit Crosby.[1] This finding directly rebuts the defendants' contention that Crosby's inability to fit into the blue jeans tended to exonerate him and provided a proper basis for ordering a new trial. Moreover, as set forth in detail in *State v. Burke,* 529 A.2d 621 (R.I.1987), there was ample evidence to convict both the defendants. Any evidentiary value garnered from the introduction of the actual articles of clothing rather than their photographic representations would be remotely material to the issue of guilt and cumulative.[2] We therefore conclude that the trial justice correctly denied the defendants' motions for a new trial on the grounds of newly discovered evidence.

For the reasons delineated, the defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and

---

1. The trial justice was under no obligation, as defendants contend, to allow Burke to photograph his codefendant at the motion hearing in order to memorialize Crosby's appearance in the clothing at issue. Consequently, his refusal to do so does not constitute reversible error.

2. It should be noted that in his closing argument, counsel for Burke emphasized the lack of evidence regarding size of the clothes owing to the state's having lost these items.

the papers of this case are remanded to the Superior Court.