**STATE**

v.

**Thomas MESSA.**

**No. 90–31–C.A.**

Supreme Court of Rhode Island.

June 28, 1991.

Jane M. McSoley, Sp. Asst. Atty. Gen., Providence, for plaintiff.

Catherine A. Gibran, Janice M. Weisfeld, on brief, Barbara Hurst, Office of Public Defender, Richard Casparian, Public Defender, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This case comes before us on appeal by the defendant, Thomas Messa, from a Superior Court decision denying his motion for a new trial on the grounds of newly discovered evidence. The defendant alleges error by the hearing justice in two instances: (1) the hearing justice abused her discretion in failing to permit the defendant to reopen his case, and (2) the hearing justice overlooked and misconceived material evidence and was otherwise clearly wrong in ruling that the evidence (a) was not newly discovered, (b) was merely cumulative, and (c) was not likely to change the verdict if a new trial were held. For the reasons stated herein, we reverse the decision of the hearing justice.

The facts underlying defendant's conviction are contained in our opinion *State v. Messa*, 542 A.2d 1071 (R.I.1988). The defendant was convicted of five counts of second-degree child-molestation sexual assault and one count of second-degree sexual assault. The defendant was employed as a public school teacher in the city of Providence when the allegations were initially made. The six victims, all boys under the age of thirteen, were students in defendant's fifth-grade class.

At trial each boy testified that defendant would call him individually to defendant's desk, which was located in the front of the classroom, and would proceed either to sit him on defendant's lap or to make him stand by defendant's side. The defendant would then direct the boy's hand to fondle defendant's own penis. Each boy also testified that on other occasions defendant would put his hand inside the back of their pants. In addition defendant would fondle the boys' penises through their clothing.

Other witnesses who testified at the trial included schoolmates and parents of the victims. The victims' schoolmates testified to having witnessed defendant's actions, and the victims' parents testified regarding behavioral changes they observed in their children that occurred while the children were pupils in defendant's class. Additionally a witness we shall call Todd B. testified that he was sexually assaulted by defendant in a similar manner a year prior to the time the six boys made their allegations. Todd B. also testified that he was not personally acquainted with any of the six boys and that he had not spoken with any of them concerning his testimony.

In his defense defendant relied solely upon the cross-examination of the state's witnesses. The defendant's theory, as brought out during cross-examination, was that the boys were in collusion with one another and had made up the entire story.

On July 1, 1988, defendant filed a motion for a new trial on the grounds of newly discovered evidence. *See* Super.R.Crim.P.

33. At the hearing on defendant's motion, defendant presented two witnesses, Julie D. (Julie) and her mother, Gayle (Gayle). Julie testified that she was a student in defendant's fifth-grade class at the time that the allegations were made against defendant. According to Julie's testimony, she overheard conversations among the six victims plotting ways to "get rid of the fag." Julie stated that the boys would often use the word "fag" when referring to defendant.

Julie testified that after several weeks of planning, one of the boys came up with an idea of how to get rid of defendant. Julie overheard one of the boys saying that he got the idea from a television show he had watched the evening before. The plan, according to Julie's testimony, was for the boys to allege that defendant had touched them. Julie testified further that in the days that followed, she overheard the boys attempting to develop uniform stories regarding the accusations they would make against defendant.

Julie also testified that she had never witnessed any of the actions alleged by the boys. Additionally she testified that other than her mother, Gayle, she had not told anyone else what she had overheard. Julie recalled defendant's visiting her home at a time following his arrest, but she did not then relay to defendant what she had overheard.

Gayle testified at the hearing that Julie had told her what was going on at the school regarding the stories the boys were allegedly plotting. She testified further that although she had spoken with defendant both before and after his arrest, at no time did she tell defendant the complete story that Julie had told her. Gayle testified that she had told defendant that according to Julie, the boys were lying. She did not discuss in detail the information Julie had conveyed to her. Gayle testified that she had been seeking to give defendant support.

Additionally Gayle testified that she had called the Providence police station, seeking to speak with the officer who had arrested defendant. When asked why she wished to speak with this officer, Gayle replied that she was calling on behalf of defendant. She then asked the individual who took the call if he was aware of the character of the boys making the allegations against defendant. In response, Gayle testified, the officer told her she was "all wet."

Finally Gayle testified that she attempted to contact defendant's attorney before trial but was unable to do so. Gayle called the office of defendant's attorney several times and left her phone number. Gayle never spoke directly to defendant's attorney prior to trial, and she never conveyed to him what Julie had told her.

In June 1985, following defendant's arrest but prior to his trial, Gayle and Julie moved from Providence to Cape Cod. Approximately two months later Gayle and Julie moved to Pepperell, Massachusetts. A short time thereafter the two moved to Arizona.

This court has on several occasions set forth the standard for granting a motion for a new trial based on newly discovered evidence. *See, e.g., State v. Burke,* 559 A.2d 1062 (R.I.1989); *State v. Fontaine,* 559 A.2d 622 (R.I.1989); *State v. Brown,* 528 A.2d 1098 (R.I.1987); *State v. Tavares,* 461 A.2d 390 (R.I.1983); *State v. Bassett,* 447 A.2d 371 (R.I.1982). "To serve as a proper basis for a new trial, the evidence must be either newly discovered or newly available since trial." *Burke,* 559 A.2d at 1063–64. "The defendant must have been diligent in attempting to discover the evidence for use at the original trial." *Fontaine,* 559 A.2d at 624. "The evidence must not be merely cumulative or impeaching but must be material to the issue and be of the kind that would probably change the verdict if a new trial were had." *Id.* "Only when the [hearing] justice misconceives or overlooks material evidence or otherwise clearly errs will this court disturb a decision denying a motion for a new trial." *Burke,* 559 A.2d at 1064; *see also Brown,* 528 A.2d at 1104.

At the conclusion of the testimony on defendant's motion, the hearing justice concluded that the evidence presented by Julie

and Gayle was not newly discovered or newly available. In so ruling, the hearing justice stated that "the information disclosed at this hearing by Gayle * * * and Julie * * * concerning what Julie had overheard the boys saying was known by Thomas Messa and was never communicated by this defendant to his attorney." Additionally the hearing justice stated that

"Gayle * * * did, in fact, tell Mr. Messa what Julie had told her she had overheard the boys talking about. I find that she did call Mr. Messa's attorney's office and left no message. I find that she did tell the defendant that she was available, that she was willing to talk to his attorney, that she had tried to contact the attorney and that Mr. Messa made no move to disclose that information to his attorney."

The hearing justice also concluded that the testimony of both Julie and Gayle was not evidence "of a different character, nor is it material to the issues that were presented at Mr. Messa's jury trial." Finally the hearing justice stated, "The evidence that Julie would present does not really address any new issue, and it is not evidence of a different character. And it would, in any event, be merely impeaching evidence. Moreover, that evidence of Julie's would probably not change the verdict at a new trial."

■ After reviewing the record before us, we are of the opinion that the hearing justice erred in denying defendant's motion. The record does not support the finding that defendant knew before trial of the information possessed by Julie and Gayle.

Gayle testified that at no time did she discuss with defendant the details of what Julie had told her. On the contrary, Gayle testified that her conversations with defendant following the allegations were centered on providing defendant with support. At most, Gayle testified, she told defendant that Julie had told her that the boys were lying.

Additionally Gayle testified that she never spoke with defendant's attorney until after the trial. Several attempts were made by Gayle to contact defendant's attorney before trial, but none were successful. Gayle testified that she never left any message with the office of defendant's attorney other than her phone number. Finally Julie testified that she never told defendant that she had overheard the boys' conversations. She testified that she only told her mother.

■ It is our opinion, therefore, that it was improper for the hearing justice to conclude that defendant was aware of the information held by Gayle and Julie before trial and that he failed to communicate this information to his attorney. Additionally we are persuaded that defendant was diligent in attempting to discover the evidence for use at the original trial. We are also satisfied that the evidence presented by defendant at the hearing was not merely cumulative but was material and of the kind that would probably change the verdict at a new trial.

For the above-stated reasons, we find that the hearing justice erred and should have granted the defendant's motion for a new trial. Because we find in favor of the defendant on this issue, we need not address the question presented by the defendant of whether the hearing justice erred in refusing to allow the defendant to reopen his case.

For the aforementioned reasons the defendant's appeal is sustained and his conviction vacated. The papers in this case may be remanded to the Superior Court for further proceedings consistent with this opinion.