**STATE**

v.

**John J. RICCI, Jr.**

No. 95–175–C.A.

Supreme Court of Rhode Island.

Dec. 13, 1995.

Thomas Dickinson, Asst. Atty. General, Aaron Weisman, Asst. Atty. General, for Plaintiff.

William A. Dimitri, Providence, for Defendant.

**OPINION**

**PER CURIAM.**

This matter came before the Supreme Court on November 6, 1995, pursuant to an order directing the state and the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. The State of Rhode Island appeals from the Superior Court justice's dismissal of a criminal complaint charging the defendant, John J. Ricci, Jr., with one count of filing a false document in violation of G.L.1956 (1981 Reenactment) § 11–18–1.

After reviewing the memoranda submitted by the parties and after hearing their counsel at oral argument, we are of the opinion that cause has not been shown and that the issues will be decided at this time.

On June 1, 1994, defendant was arraigned in Rhode Island District Court on one count of filing a false document in violation of § 11–18–1. That section provides in pertinent part:

> "No person shall knowingly give to any * * * public official any * * * document * * * which contains any statement which is false or erroneous, or defective in any important particular, and which, to his or her knowledge, is intended to mislead."

The state alleged that defendant filed a false document when he applied for a position at the Pawtucket police department in September of 1989. The application asked the following question, "[h]ave you ever been arrested for any criminal or motor vehicle violation?" The defendant answered the question in the affirmative and provided the following information:

> "Date 1976 Place Pawtucket
>
> "Offense: Possession of controlled substance marijuana
>
> "Disposition: Probation 1 year."

The application contained a certification that the applicant's answers to the questions were complete and correct.

The state claimed that during the police department's investigation, it discovered that defendant had failed to list on his application several other arrests: consumption of alcohol and littering, indecent exposure, and larceny

under $100. The omission of these arrests led to the charge of filing a false document.

The defendant waived his right to a trial in District Court, and the case was transferred to Superior Court. In Superior Court defendant filed a motion to dismiss the criminal complaint on the ground that it failed to allege probable cause of a crime.

After a hearing on the matter the trial justice granted defendant's motion to dismiss concluding that the question on the city's employment application violated G.L.1956 (1986 Reenactment) § 28–5–7, as amended by P.L.1988, ch. 310, § 2, the Fair Employment Practices Act. Following entry of an order dismissing the charges, the state appealed.

Section 28–5–7 provides in pertinent part that it is an unlawful employment practice

"(7) For any employer to include on any application for employment a question inquiring or to otherwise inquire either orally or in writing whether the applicant has ever been arrested or charged with any crime; provided, however, that nothing herein shall prevent an employer from inquiring whether an applicant has ever been convicted of any crime."

We are of the opinion that the trial justice erred in interpreting § 28–5–7 as providing an absolute defense to a charge of filing a false document. It does not. The trial justice's decision in this case, followed to its logical conclusion, would authorize an individual to lie in response to any question that the individual regarded as improper or unfair. As the state correctly stated in its brief, "The privilege to withhold information does not confer upon the holder of the privilege a license to commit perjury." Once an individual undertakes to answer a question and provides information that could have been withheld, that individual is obligated to speak the truth. The applicant's proper relief is to look to the remedies available under the labor statute and not to answer the question asked. The defendant was not justified in misleading the authorities by giving an incomplete answer.

This court has never before passed on this precise issue. However, in *State v. Morris,* 522 A.2d 220, 221 (R.I.1987), we stated that a violation of the Posse Comitatus Act, 18 U.S.C. § 1385, by a member of the naval investigative service did not require a dismissal of criminal charges.[1] Furthermore, in *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), the Supreme Court held that a statement taken in violation of a defendant's *Miranda* warnings could still be used to impeach him should he decide to testify at trial. The violations of these applicable statutes, or constitutional imperatives, do not grant a privilege to the individual involved to commit perjury. They may, however, raise certain defenses available to him if properly interposed.

For all these reasons the state's appeal is sustained, the order appealed from is vacated and the papers of the case are remanded to the Superior Court for further proceedings.

---

1. Originally the purpose of the Posse Comitatus Act, 18 U.S.C. § 1385, was to end the use of federal troops to police state elections in formerly Confederate states. Today the act is designed to limit direct, active use of federal military personnel by civil law-enforcement officers in carrying out their local law-enforcement duties.