STATE

v.

John J. RICCI, Jr.

No. 96–364–C.A.

Supreme Court of Rhode Island.

Nov. 17, 1997.

Aaron L. Weisman, Andrew H. Berg, Providence, for Plaintiff.

William c. Dimitri, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on October 15, 1997, pursuant to an order directing both the state and the defendant, John J. Ricci, Jr., to appear and show cause why the issues raised in this appeal should not be summarily decided. The state appeals from a trial justice's grant of the defendant's motion to dismiss a misdemeanor complaint charging the defendant with one count of filing a false document in violation of G.L.1956 § 11–18–1.

After reviewing the memoranda submitted by the parties and after hearing counsel at oral argument, we are of the opinion that cause has not been shown and that the issues will be decided at this time.

On June 1, 1994, defendant, a member of the Pawtucket police department, was arraigned in the District Court on one count of filing a false document in violation of § 11–18–1. The complaint alleged that defendant filed a false document when he applied for a position with the Pawtucket police department (the department) in September of 1989. That application asked the following question: "Have you ever been arrested for any criminal or motor vehicle violation?" In response, defendant answered that he had been placed on probation for one year in 1976 for the crime of possession of marijuana.[1] The

---

1. This admission was incorrect; in fact defendant was arrested for possession of marijuana in 1975.

defendant further certified that his answers were complete and correct.

During a subsequent investigation, the department determined that defendant had failed to list past arrests for consumption of alcohol, littering, indecent exposure, and larceny under $100. Based upon those alleged omissions, the department filed a criminal complaint charging defendant with one count of filing a false document. Following his arraignment on June 1, 1994, defendant waived his right to a trial in the District Court, and his case was transferred to the Superior Court.

A Superior Court trial justice granted defendant's motion to dismiss the indictment finding the department's employment application violated G.L.1956 § 28-5-7, as amended by P.L.1988, ch. 310, § 2, the Fair Employment Practices Act. The state appealed that dismissal, and this court sustained the appeal. *State v. Ricci*, 668 A.2d 320 (R.I. 1995).

Upon remand, defendant next moved for dismissal, claiming selective prosecution. He alleged that two other department applicants, Kevin McCarthy (McCarthy) and John Duffin (Duffin) had similarly omitted information of past criminal conduct from their applications and yet were never criminally prosecuted. The defendant further alleged that the department's complaint against him was motivated by his own misdeeds in connection with a reported break-in and assault rather than any true concern over the veracity of his employment application. Following a hearing that was completed on May 6, 1996, the trial justice granted defendant's motion to dismiss. The state now appeals.

■ When reviewing a claim of selective prosecution, this Court follows the rule of law announced by the United States Supreme Court in *Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). Following *Wayte*, a claim of selective prosecution can prevail only if the defendant can prove that the challenged enforcement has both a discriminatory effect and is "deliberately based upon an unjustifiable standard such as race, religion, or some other arbitrary classification," *id.* at 608, 105 S.Ct. at 1531, 84 L.Ed.2d at 556 (quoting *Oyler v.*

*Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453 (1962)), "including the exercise of protected statutory and constitutional rights," *Wayte,* 470 U.S. at 608, 105 S.Ct. at 1531, 84 L.Ed.2d at 556 (citing *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74, 80 (1982)).

■ In this case, defendant has not contended that his exercise of a protected statutory or constitutional right precipitated the instant prosecution. Therefore, in order to establish the requisite discriminatory motive, defendant was required to prove that his race, religion, or some other arbitrary classification inspired the prosecution to pursue him. After a careful examination of the record, we find no evidence therein that can support the trial justice's finding of a "clear cut case of selective prosecution."

The defendant's attempted proof consisted wholly of pointing to the disparate treatment afforded fellow applicants McCarthy and Duffin, both of whom, like defendant, omitted prior criminal conduct from their employment applications. Whereas the department vigorously pursued criminal charges in defendant's case, no complaint was filed against either McCarthy or Duffin for his inaccurate employment application. The defendant argues therefrom that he was treated more harshly than either McCarthy or Duffin because the department wanted to eliminate him from the force because of his involvement in a reported break-in and assault. The defendant claims such treatment constitutes selective prosecution. It does not.

The department was motivated, the defendant admits, not by any invidious purpose but by the defendant's own misconduct and criminal behavior. Such motivation, however, is not impermissible and certainly does no violence to any constitutional right to equal protection. Indeed, purging a police department's membership of lawbreakers is laudable motivation for criminal prosecution and will never satisfy the *Wayte* requirement of a discriminatory motive.

For this reason the state's appeal is sustained, the order of dismissal appealed from

is vacated, and the case is remanded to the Superior Court for further proceedings.