■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH CALERO, Appellant. — In a *coram nobis* proceeding, defendant appeals: (1) from an order of the Supreme Court, Kings County, entered June 25, 1964, which denied without a hearing his application to vacate a judgment of said court, rendered May 2, 1963 on his plea of guilty, convicting him of attempted violation of subdivision 3 of section 1751 of the Penal Law (relating to narcotic drugs), and imposing sentence upon him as a second felony offender; and (2) from an order of said court, entered July 23, 1964 upon reargument, which adhered to the original decision. Appeal from the order of June 25, 1964 dismissed; that order was superseded by the order of July 23, 1964. Order of July 23, 1964 reversed on the law and the facts, and application remitted to the Supreme Court, Kings County, for the purpose of: (a) holding a hearing as to whether the arresting officer swore falsely that the search and seizure were based on a search warrant, as to whether the defendant and his assigned counsel were induced to refrain from making a motion to suppress the evidence, and as to whether the defendant was induced to plead guilty by said alleged perjury; and (b) making a determination *de novo* on the basis of the proof adduced at the hearing. On November 5, 1962 the defendant was arrested and arraigned in the Criminal Court of the City of New York on the charge of violating sections 1751 and 1747-d of the Penal Law. In an affidavit in said court, a detective swore that he made a search of the premises where the defendant was found, pursuant to a search warrant issued on November 3, 1962 by a named Judge, and that he (the detective) found therein packets containing alleged heroin, a hyypodermic needle, a syringe and other articles. Counsel, assigned to the defendant, spoke to the arresting officer and waived a hearing. The defendant was subsequently indicted, pleaded guilty to attempted violation of subdivision 3 of section 1751 of the Penal Law and was sentenced on May 2, 1963. He was represented by different assigned counsel at each stage of the prosecution. Defendant instituted the present *coram nobis* proceeding in June, 1964. He presented evidence showing that a search warrant was not issued and that the detective swore falsely that the search and seizure were made pursuant to a search warrant. Such evidence was sufficient prima facie to entitle him to a hearing. There is no direct proof that the prosecutor knew that the said detective had allegedly committed perjury. Nevertheless, if the defendant and his assigned counsel were induced to refrain from moving to suppress the evidence and if the defendant was induced to plead guilty by the alleged fraud and perjury herein, he is entitled to relief upon a *coram nobis* application (cf. *People* v. *Malinsky,* 15 N Y 2d 86; *People* v. *Sadness,* 300 N. Y. 69, 73; *People* v.

*Robertson,* 12 N Y 2d 355, 360; *United States* v. *Zborowski,* 271 F 2d 661, 668; *People* v. *Howard,* 12 N Y 2d 65, 66). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.