■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL LATELLA, Respondent.—Appeal by the People from an order of the Supreme Court, Westchester County (Rosato, J.), entered April 26, 1985, which granted defendant's motion pursuant to CPL 440.10 (1) (g) to vacate a judgment of the same court (Ritter, J.), rendered June 5, 1984, convicting him of criminal possession of a weapon in the third degree (two counts), criminal possession of stolen property in the second degree, and operating a motor vehicle while intoxicated, upon his plea of guilty, and imposing sentence, on the ground of newly discovered evidence, and which ordered a new suppression hearing.

Order reversed, on the law and the facts, defendant's motion denied, and judgment reinstated.

Preliminarily, we are asked to determine whether the entry of a guilty plea forecloses the relief provided by CPL 440.10 (1) (g), which permits a vacatur of a judgment of conviction on the grounds of newly discovered evidence. The provision under review provides that: "At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that * * * [n]ew evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant".

The applicability of this provision is expressly conditioned upon the existence of a verdict of guilty rendered after trial. Thus, the absence of such a verdict precludes the relief provided thereunder (see, People v Sherman, 83 Misc 2d 563).

The courts of this State have repeatedly stated that "[t]he power to grant an order for a new trial, based upon newly discovered evidence, is purely statutory and such power may be exercised by the court only when the requirements of the statute have been satisfied" (People v Powell, 102 Misc 2d 775, 779, affd 83 AD2d 719; People v Balan, 107 AD2d 811, 815; People v Wagner, 51 AD2d 186; People v Maynard, 80 Misc 2d 279, 283). Inasmuch as defendant elected to enter a guilty plea, and in the course thereof, admitted his factual guilt, utilization of the newly discovered evidence motion was inappropriate as well as procedurally improper.

Moreover, the defendant, in any event, has failed to meet, by a fair preponderance of the evidence, his burden of demonstrating that the evidence was indeed "newly discovered". In order for evidence to be considered newly discovered, within the meaning of the statute, the following six criteria must first be satisfied: " '1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and 6. It must not be merely impeaching or contradicting the former evidence' " (People v Salemi, 309 NY 208, 216, cert denied 350 US 950, quoting

*People v Priori,* 164 NY 459, 472; *see also, People v Balan,* 107 AD2d 811, 814-815, *supra).*

When the instant record is measured against the requirements of the statute, it cannot be said that the evidence satisfies its criteria. Defendant predicated his motion upon the purported newly discovered testimony of an alleged eyewitness to his arrest. Similar testimony, however, had previously been presented and not credited at the initial suppression hearing. Since the newly discovered evidence was merely cumulative and served no other purpose than to bolster testimony previously discredited, such evidence falls outside the scope of CPL 440.10 (1) (g) (*see, People v Suarez,* 98 AD2d 678; *People v Bridget,* 73 AD2d 291), and it is highly unlikely that a different result would have ensued if that evidence had been presented at the initial suppression hearing.

In addition, we find that defendant has failed to satisfy his burden of demonstrating "due diligence". Since the critical testimony concerned the chain of events leading to defendant's arrest, this evidence undoubtedly was in existence and available well before the suppression hearing. The fact that the defense did not discover the eyewitness sooner does not necessarily warrant the conclusion that he could not have been discovered earlier. Thus, from both a procedural and substantive perspective, the motion should have been denied.

In addition to the newly discovered evidence motion, defendant sought to be relieved of his plea of guilty on the ground that "evidence adduced at the hearing by the prosecution was false and perjurious, a fact which the prosecutor, upon the exercise of due diligence, should have discovered". There is not one shred of evidence in the record before us tending to prove that the prosecution had actual knowledge or that it had reason to suspect that false testimony was given by its witnesses. Indeed the People steadfastly deny defendant's accusations that perjury had been committed. In *People v Brown* (56 NY2d 242, 246-247), the Court of Appeals declared: "Mere conclusory allegations of prosecutorial misconduct are alone insufficient to require a trial court to conduct an evidentiary hearing for the purpose of resolving those accusations. To raise a triable issue some actual evidence of knowledge on the part of the prosecution that [the] testimony was false must be submitted to the court." No such evidence has been presented at bar, and defendant's claim must accordingly be rejected.

The hearing court, on what appears to be its own initiative, characterized defendant's claim as a motion to vacate on the

ground that the guilty plea was induced by fraud and perjury (*see, People v Calero*, 23 AD2d 698). Defendant was given a full and fair opportunity to present evidence to support his position at the suppression hearing. After the denial of the motion to suppress, defendant elected to plead guilty. Furthermore, during the plea allocution, defendant not only admitted his guilt, but he also acknowledged the facts constituting probable cause for his arrest. We therefore conclude that defendant was not induced to plead guilty by either fraud or perjury, and find unavailing his belated attempt to exculpate himself by use of yet another witness. Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.