**Rick STRAIN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 56A03–9001–CR–3.**

Court of Appeals of Indiana, Third District.

Oct. 23, 1990.

Robert B. Smart, Morocco, for appellant.

Linley E. Pearson, Atty. Gen., David M. Sommers, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Rick Strain appeals his conviction for two counts of child molesting, presenting us with two issues on appeal:

I. Whether the trial court's admission of evidence relating to a CHINS proceeding which was not disclosed in the prosecution's discovery responses placed Strain into a position of grave peril so as to warrant a grant of mistrial.

II. Whether the victim's recantation of her trial testimony entitled Strain to a new trial.

We affirm.

### I. *Mistrial*

Strain first argues that the admission of evidence relating to a CHINS (Child In Need of Services) proceeding involving T.A., the victim of the crimes, placed him in a position of grave peril to which he should not have been subjected, since the records relating to that proceeding were not produced by the prosecution as requested by defendant's Motion to Produce.

■ A trial court has wide discretion in the determination of whether or not to grant a motion for mistrial, because the trial court is in the best position to gauge the impact of an event upon the jury. *Kelley v. State* (1990), Ind., 555 N.E.2d 140, 141. To succeed on appeal from the denial of a motion for mistrial, the defendant must demonstrate that the conduct in question was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Id.* To determine the gravity of the peril, we look at the probable persuasive effect of the misconduct on the jury's decision, not the degree of impropriety of the conduct. *Id.* The burden rests upon the defendant to show that no action other than a mistrial could have remedied the perilous situation in which he was placed. *Id.*.

The testimony of which Strain complains occurred during direct examination by the State of Marsha Brown, a Welfare Department case worker:

Q. Do you remember Judge Vann telling [T.A.'s mother] that as soon as she found her own living arrangements, away from Rick Strain, she could have her children back?

A. Yes. He said he wanted him to [sic] totally out of her life.

Q. Has that occurred?

A. No.

Record, pp. 109–110.

■ Strain did not object when this evidence was introduced, but only moved

for a mistrial after a lengthy cross examination of Ms. Brown regarding the CHINS proceeding. By failing to make a timely objection, Strain has waived this issue. *Ingram v. State* (1989), Ind., 547 N.E.2d 823, 829. Moreover, Strain moved for a mistrial on the grounds of dissemination of juvenile court information. Here, he raises the failure of the state to comply with a discovery order. A defendant may not raise an issue on appeal based on grounds different from those advanced at trial. *Beland v. State* (1985), Ind., 476 N.E.2d 843, 845.

█ Notwithstanding the waiver, Strain fails to articulate, and we cannot discern, how he was placed in grave peril by the above testimony. The interchange did not explore the particulars of the proceedings. In fact, the two questions asked by the prosecutor did not even indicate what type of proceedings were involved. It was only during the course of the extensive cross examination by defendant's attorney that the nature of the proceeding was revealed. Earlier at trial, the same questions had been asked of T.A.'s mother, with the same information elicited, and the proceeding was referred to as a "welfare hearing". Supplemental Record, p. 424. We are unable to find that the defendant was placed in a position of grave peril by the introduction of the above testimony.

## II. *New Trial*

█ Strain contends that he is entitled to a new trial because the victim, T.A., recanted her testimony after trial.

█ To gain a new trial based on newly discovered evidence, the defendant must prove that: 1) the evidence has been discovered since the trial; 2) it is material and relevant; 3) it is not merely cumulative; 4) it is not merely impeaching; 5) it is not privileged or incompetent; 6) due diligence was used to discover it in time for trial; 7) the evidence is worthy of credit; 8) it can be produced on a retrial of the case; and 9) it will probably produce a different result. *Hughes v. State* (1989), Ind., 546 N.E.2d 1203, 1210. In order for newly discovered evidence to warrant a new trial, it must be material and decisive and be

such as to raise a strong presumption that it will in all probability result in an opposite conclusion in another trial. *O'Connor v. State* (1988), Ind., 529 N.E.2d 331, 333. The denial of a motion for a new trial based on newly discovered evidence will be reversed only if the trial court abused its discretion in concluding that a different result upon retrial would not have been possible. *Id.* The defendant bears the burden of showing that the newly discovered evidence meets the prerequisites for a new trial. *Id.*

█ Here, the newly discovered evidence was a taped statement of T.A. recanting her testimony and live testimony at the hearing on Motion to Correct Errors supporting the taped statement. A recantation, or even an admission of perjury, does not necessarily mandate the grant of a new trial if the introduction of the evidence would not probably result in a different outcome. *Chupp v. State* (1987), Ind., 509 N.E.2d 835, 837. Here, there was considerable independent evidence supporting the conviction, including testimony indicating that T.A.'s mother had told police officers that she saw Strain (her boyfriend) quickly pulling his pants up with T.A. in the room, the presence of semen on the bedclothes although T.A.'s mother told police officers that no sexual relations had occured on the bed since the bedclothes were last washed, T.A.'s extensive knowledge of sexual matters, and irritation of T.A.'s genital area consistent with the sexual activity which T.A. described at trial.

Moreover, while T.A.'s testimony might be impeached at a new trial, it would also be subject to rehabilitation, and thus the new testimony would not necessarily be destructive of the State's case. *Best v. State* (1981), Ind.App., 418 N.E.2d 316, 319, *rehearing denied.* This fact is particularly relevant in the present case, where the State introduced evidence at the hearing on Motion to Correct Errors that T.A. told three individuals on two different occasions that she had not really lied at trial, but had felt pressure from friends and family, particularly her mother, to say that the incident had never happened. In addition, the

tape itself was at best suspect, since the testimony about how the tape was made and whether or not T.A. knew that it was being made was conflicting. In view of the fact that there was strong evidence that the tape was not voluntarily given by T.A., but was in fact the product of coercion by her mother in order that she could be reunited with her boyfriend, we cannot find that the tape was such that it probably would produce a different result in a new trial.

■ Our conclusion is supported by the fact that evidence had been introduced at trial that T.A. had written a letter from a home where she was staying in Lafayette, Indiana to her mother saying that she had lied to the police about the incident. At trial, she explained that she thought she would get to go home sooner if she stated that she lied. Evidence as to T.A.'s propensity for lying under certain circumstances was also introduced at trial. Thus, the evidence introduced at the hearing would merely be cumulative of the other evidence seeking to impeach T.A.'s testimony, which evidence the jury found unconvincing. Newly discovered evidence, if merely cumulative of other impeaching evidence, is not grounds for a new trial. *Watkins v. State* (1988), Ind., 528 N.E.2d 456, 460.

Affirmed.

HOFFMAN, P.J., and BUCHANAN, J., concur.