Donald WILSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 26A01–9608–CR–264.

Court of Appeals of Indiana.

March 11, 1997.

Terry A. White, Olsen, Labhart, White & Hambidge, Evansville, for Appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

ROBERTSON, Judge.

Donald Wilson appeals his convictions, after a jury trial, of Criminal Recklessness While Armed With a Deadly Weapon, and Pointing a Firearm at Another Person, both class D felonies. Wilson raises two issues, both of which require reversal.[1] We address the following restated issue only:

> whether Wilson is entitled to a new trial based upon the uncontroverted affidavit of one of State's witnesses who stated that he and other State witnesses engaged in a conspiracy to commit perjury in order to wrongfully convict Wilson.

## FACTS

The facts in the light most favorable to the verdict reveal that Wilson and his wife, Linda Wilson [Wife], had separated and were living apart. Wife and her two children had moved out of the marital residence and in with Wife's boyfriend, David Wayne Connor. On September 17, 1995, Connor, Wife, and the

two children went to Wilson's house under the mistaken impression that he was not home. Wife went inside the house while Connor and the children waited in the car.

While Wife was in the house, Wilson confronted her and pointed a gun at her head. Wife escaped to an outdoor deck where Connor and the children could see her. Wilson followed Wife out onto the deck and again pointed the gun at her head. Wilson also pointed the gun toward the car in which Connor and the children were sitting.

At trial, Wife, Connor, and the two children all testified that Wilson had pointed the gun at Wife's head. The police officer who had investigated the incident testified that Wilson had admitted that he had pointed the gun at Wife's head but had said that the gun was not loaded. Wilson was convicted of the two charges.

Wilson filed a motion to correct error based on newly discovered evidence and submitted three affidavits in support of his motion. The first affidavit was executed by Connor and reads in pertinent part as follows:

> Having had the opportunity to fully reconsider all the facts and circumstances surrounding my relationship with Linda Wilson, I now wish to recant the testimony which I gave at the trial of Donald Wilson. I did not see Donald Wilson point a firearm at Linda Wilson, and because of what I was told by Linda Wilson I have good reason to believe that Donald Wilson never did point a firearm at Linda Wilson. I and Linda Wilson coached Linda Wilson's children to testify that Donald Wilson had pointed a firearm at Linda Wilson. Because I was with Linda Wilson's children the date of the incident, I know that they could not have seen Donald Wilson point a firearm at Linda Wilson. At the time I testified at trial, I believed what Linda Wilson had told me concerning serious abuse perpetrated on her by Donald Wilson. My testimony was given in an attempt to protect her from Donald Wilson. After the trial of Donald Wilson, I have

---

1. The State concedes that one of the two convictions must be vacated under principles of double jeopardy.

come to realize that Linda Wilson is a dangerous and compulsive liar.

■ Wilson also submitted the affidavits of two other persons who stated that they had participated in a conversation with Connor and Wife after the trial. These affidavits contain mostly inadmissible hearsay. However, in addition, the affidavits state that Connor and Wife "expressed surprise" that the police officer had given testimony which corroborated their own.[2]

The State did not file any affidavits to contradict the affidavits submitted by Wilson. Nor did the State offer any evidence to contradict the affidavits at the hearing held on Wilson's motion. Wilson's motion was denied. However, the trial court later granted Wilson's motion for a sentence modification which resulted in his release from incarceration. This appeal ensued.

## DECISION

■ Pursuant to T.R. 59, a defendant may bring facts outside the record to the attention of the trial court and the Court of Appeals by way of a properly verified affidavit. *Jewell v. State*, 624 N.E.2d 38, 42 (Ind. Ct.App.1993). An affidavit submitted in this manner becomes a part of the record. *Id.* If such an affidavit is uncontradicted, then the appellate court must accept its contents as true. *Id.* However, we will not consider any hearsay contained in the affidavits. *Id.*

■ The affidavits submitted by Wilson have not been contradicted. Therefore, we must accept their contents as true. However, as discussed earlier, certain portions of the second and third affidavits contain inadmissible hearsay. Therefore, for the purposes of this opinion, we will not consider any portion of the second and third affidavits other than the statement that Connor and Wife "expressed surprise" that the police

officer's testimony had corroborated their own.

A motion to correct error based upon the ground of newly discovered evidence must be supported by one or more affidavits which must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. In ruling whether a piece of evidence would produce a different result, the judge may properly consider the weight that a reasonable trier of fact would give it and, while so doing, may also evaluate its probable impact on a new trial of the case. *Id.* On appeal, the denial of a motion predicated on newly discovered evidence is considered a discretionary ruling and is reviewed deferentially.

*Fox v. State*, 568 N.E.2d 1006, 1007 (Ind. 1991) (Citations omitted).

■ The State first argues that Wilson may not obtain a new trial based on the newly discovered evidence because it is merely impeaching. However, our supreme court decided long ago that evidence which destroys or obliterates the testimony upon which a conviction was obtained is not appropriately considered as merely impeaching evidence. *Dennis v. State*, 103 Ind. 142, 2 N.E. 349, 355 (1885). In *Dennis*, our supreme court held that a new trial must be granted where the defendant was convicted upon confessedly false and perjured testimony. *Id.* More recently, our supreme court stated:

It is difficult to imagine more convincing new evidence than that offered in support

---

2. "Hearsay" is an out of court "statement" offered to prove the truth of the matter asserted. Ind.Evid.Rule 801(c). A "statement" is 1) an oral or written assertion or 2) nonverbal conduct of a person, if it is intended by the person as an assertion. Evid.R. 801(a). Even if the evidence that Connor and Wife had "expressed surprise" would be inadmissible as an hearsay assertion to

prove that the policeman had testified falsely, the evidence would nevertheless be admissible under the hearsay exception for the declarants' then existing state of mind, emotion, or mental feeling under Ind.Evid.Rule 803(3). *See Sheller–Globe Corporation v. Sheller*, 413 N.E.2d 318, 320–21 (Ind.Ct.App.1980).

of the instant motion for new trial, when a deputy sheriff, an officer of the court, stated [the witness] had told him before the trial that he intended, in effect, to commit perjury againt [sic] appellant '. . . because appellant had dates with his wife.'

Such newly discovered evidence indicating perjury on the part of the State's crucial witness, was a significant and startling revelation. It could very probably have produced a different result on the trial. We can only conclude that a motion for new trial, setting up said newly discovered evidence should be sustained, and that the court erred in overruling it.

*Key v. State,* 235 Ind. 172, 132 N.E.2d 143, 147 (1956).

■ The State correctly points out that a recantation, or even an admission of perjury, does not necessarily mandate a new trial if the introduction of the evidence would not probably result in a different outcome, citing *Chupp v. State,* 509 N.E.2d 835, 837 (Ind. 1987) and *Strain v. State,* 560 N.E.2d 1272, 1274 (Ind.Ct.App.1990), *trans. denied.* The State argues that Connor's affidavit is not worthy of credit and probably would not produce a different result in a new trial. The State asserts that Connor's affidavit "suggests obvious animosity toward Linda Wilson [Wife]" due to his allegation that she is a "dangerous and compulsive liar." The State also references a restraining order that Wife obtained against Connor from a court in Kentucky prohibiting Connor from contacting her based on allegations of domestic abuse.

In *Chupp,* our supreme court held that the recantation of the testimony of an accomplice to the burglary/robbery/rape did not warrant a new trial where the accomplice's testimony at the hearing on the motion was evasive, and often inaudible, such that a different result on retrial was unlikely considering amount of the substantial eyewitness testimony and physical evidence linking the defendant to the crime. 509 N.E.2d at 837. In *Strain,* we held that the child molestation victim's recantation did not warrant a new trial because the recantation was not credible due to the evidence of the child's extensive knowledge of sexual matters, the presence of semen on the child's bed, irritation of the child's genital area consistent with the sexual activity described by the child, and corroborating eyewitness testimony that the defendant had been literally caught with his pants down in the child's room. 560 N.E.2d at 1274.

Connor's affidavit is quite credible because it exposes him, without reservation, to a criminal conviction for perjury, a more serious felony than the felonies with which Wilson stands convicted. The law has long recognized the credibility inherent in a statement which at the time of its making so far tended to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true. Miller, Robert Lowell, Jr., 13A *Indiana Practice,* App. B pp. 277–78 (Rules and commentary on Ind.Evid.R. 804(b)(3). Moreover, Connor's affidavit that stated that Wife and he had conspired to commit perjury is corroborated by the other two affidavits which state that Connor and Wife "expressed surprise" that the police officer's testimony had corroborated their own. Finally, as stated earlier, we must accept Wilson's proffered evidence as true because the State did not avail itself of the opportunity to submit affidavits or present testimony in rebuttal.

Based on the above, we conclude that the trial court abused discretion by denying Wilson's motion for a new trial. Therefore, we reverse and remand with instructions that the motion be granted.

Judgment reversed.

NAJAM and RILEY, JJ., concur.