Shawn E. NORRIS, Appellant–
Respondent,

v.

STATE of Indiana, Appellee–Petitioner.

No. 43A03–0708–CR–396.

Court of Appeals of Indiana.

Feb. 28, 2008.

Rehearing Denied May 2, 2008.

Nancy A. McCaslin, McCaslin & McCaslin, Elkhart, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

ROBB, J.

*Case Summary and Issue*

Shawn Norris appeals from the trial court's summary disposition of his petition for post-conviction relief. Norris raises the sole issue of whether the trial court improperly granted summary disposition. Concluding that issues of material fact preclude summary disposition, we reverse and remand with instructions that the trial court conduct a hearing on Norris's petition.

*Facts and Procedural History*

According to Norris's testimony at his guilty plea hearing, sometime between 1999 and 2002 Norris touched the victim, C.R., who was a child under the age of fourteen, with the intent to arouse either his own or the victim's sexual desires.

It appears that C.R.'s mother, Colleen Norris, who is also Norris's step-sister, informed the police of this molestation in April 2004. Officers interviewed C.R., Colleen, and Norris, who admitted to touching C.R. On June 22, 2004, the State filed a petition alleging that Norris was a delinquent child for performing an act that would be the offense of child molesting, a Class C felony, if performed by an adult. That same day, the State filed a Motion to Waive Juvenile Jurisdiction.[1] On August 18, 2004, the juvenile court waived jurisdiction. On August 19, 2004, the State charged Norris with child molesting, a Class C felony. On December 4, 2004, Norris pled guilty to child molesting pursuant to a plea agreement under which the executed sentence could not exceed two years and the State agreed to not file additional charges. On January 27, 2005, the trial court sentenced Norris to two years executed.

On December 21, 2006, Norris filed a Petition for Post–Conviction Relief alleging newly discovered evidence. Along with this petition, Norris included an affidavit of Colleen, in which she stated:

2. That in April of 2004 Affiant initiated a false case against her brother, Shawn Norris, alleging that he committed acts of so-called molestation against my child.

3. That the allegations are wholly and completely false.

4. That my motive for initiating these false claims against him was to regain

---

1. At this time, Norris was at least eighteen    years old.

the custody of my three children who were in the care of my father and stepmother. Shawn lived in their home.

5. That at the time I initiated these false claims I was fully aware that Shawn Norris was mentally retarded and I knew I could force him to say whatever I told him.

6. That knowing this fact and that he would try to protect his family I started a police investigation encouraging them to question him, mindful that he would confess to anything if he thought he could go home when the police were done talking to him.

Appellant's Appendix at 64. Norris also included a psychological evaluation stating in relevant part:

The results of the evaluation support the notion that the client is functioning between the extremely low and borderline range of intellectual functioning. This level of intellectual functioning meets the criteria for mild mental retardation but Shawn appears to have the necessary adaptive functioning necessary to be successful.

*Id.* at 71.

On January 15, 2007, the State filed its response and a Motion for Summary Disposition. On June 19, 2007, the trial court granted the State's motion, stating

That it appears from the record in this cause, including the record of the Defendant's guilty plea hearing, his admission, and the affidavit submitted by the State of Indiana, that there is no genuine issue of material fact, that the Petitioner did in fact do that which he admitted, and the State is entitled to judgment as a matter of law.

*Id.* at 76. Norris now appeals.

### Discussion and Decision

#### I. Standard of Review

■ Post-conviction proceedings are civil in nature. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind.2002), *cert. denied,* 540 U.S. 830, 124 S.Ct. 69, 157 L.Ed.2d 56 (2003). Therefore, to prevail, petitioners must establish their claims by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Stevens,* 770 N.E.2d at 745. When appealing a denial of a petition for post-conviction relief, a petitioner appeals from a negative judgment. *Burnside v. State,* 858 N.E.2d 232, 237 (Ind.Ct. App.2006). Therefore, petitioners must convince this court that the evidence, taken as a whole, leads unmistakably to a conclusion opposite that reached by the post-conviction court. *Stevens,* 770 N.E.2d at 745. We will review a post-conviction court's findings of fact under a clearly erroneous standard, but will review its conclusions of law de novo. *Burnside,* 858 N.E.2d at 237.

This case is before us following a summary disposition. Under Post–Conviction Rule 1, section 4(g)

The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

■ "Thus, the necessity of an evidentiary hearing is avoided when the pleadings present only issues of law." *Diaz v. State,* 753 N.E.2d 724, 727 (Ind.Ct.App. 2001), *trans. denied.* The moving party bears the burden of demonstrating its claim by introducing admissible evidence in order to establish the lack of genuine issues of material fact and its entitlement to judgment as a matter of law. *Trueblood v. State,* 715 N.E.2d 1242, 1260 (Ind. 1999), *cert. denied,* 531 U.S. 858, 121 S.Ct.

143, 148 L.Ed.2d 94 (2000). We will assume the petitioner's relevant factual allegations are true. *Tyson v. State*, 626 N.E.2d 482, 484 n. 1 (Ind.Ct.App.1993), *cert. denied,* 510 U.S. 1176, 114 S.Ct. 1216, 127 L.Ed.2d 562 (1994). "A hearing is mandatory even when the petitioner has only a remote chance of establishing his claim." *Evolga v. State,* 722 N.E.2d 370, 372 (Ind.Ct.App.2000).

## II. Claims of Newly Discovered Evidence Following Guilty Plea

Under Post Conviction Rule 1, section 1,

Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims ... that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice ... may institute at any time a proceeding under this Rule to secure relief.

We initially note that Norris filed his petition alleging newly discovered evidence following a guilty plea, and not a trial on the merits. The plain language of section 1 seems to allow a petitioner to raise this claim, as it states that *"any person* who has been convicted of, or sentenced for, a crime ..." may secure relief under the rule (emphasis added). However, Post Conviction Rule 1, section 8 states that "[a]ny ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence ... may not be the basis for a subsequent petition." As a defendant who pleads guilty waives a plethora of rights,

including the right to be tried before a jury or the court, present witnesses in his defense, and cross-examine the witnesses against him, section 8 could be interpreted to bar defendants who plead guilty from securing relief based on newly discovered evidence.

It appears that no Indiana court has explicitly addressed the issue of whether a petitioner may obtain relief based on newly discovered evidence following a guilty plea. However, several Indiana cases have addressed a petitioner's claim of newly discovered evidence following a guilty plea without addressing whether such a claim is cognizable. See *Stewart v. State,* 517 N.E.2d 1230, 1233 (Ind.1988); *Reynolds v. State,* 422 N.E.2d 1239, 1243–44 (Ind.1981); *Laird v. State,* 270 Ind. 323, 326, 385 N.E.2d 452, 455 (1979); *Gillespie v. State,* 736 N.E.2d 770, 774 (Ind.Ct.App. 2000), *trans. denied; Ray v. State,* 496 N.E.2d 93, 101 (Ind.Ct.App.1986), *trans. denied, abrogated on other grounds, Hall v. State,* 849 N.E.2d 466 (Ind.2006).

Several of our sister states have also addressed the issue. The Illinois Court of Appeals recently expressed its doubt that a petitioner may obtain relief based on newly discovered evidence where the petitioner was convicted pursuant to a guilty plea.[2] *People v. Barnslater,* 373 Ill.App.3d 512, 311 Ill.Dec. 619, 869 N.E.2d 293, 306 (2007), *appeal denied.* The court stated its belief "that a defendant's postconviction claim of actual innocence cannot be deemed to deprive him of due process rights in the face of the fact that the defendant previously confessed to the commission of the crime in his plea." *Id.* The court also noted that cases disposed of by

---

**2.** New York also does not allow those who pled guilty to obtain post-conviction relief based on newly discovered evidence. *People v. Latella,* 112 A.D.2d 321, 491 N.Y.S.2d 771, 772–73 (1985). However, the rule in New

York is based on the post-conviction statute's specification that the new evidence "has been discovered since the entry of a judgment based upon a verdict of guilty after trial." N.Y.Crim. Proc. Law § 440.10(1)(g).

guilty pleas "generally provide[ ] a scant record on appeal." *Id.* In support, the court cited the following statement from a concurring opinion written by Judge Loken of the Eighth Circuit:

> In my view, there is an inherent paradox in the notion that someone who has stood in open court and declared, "I am guilty," may turn around years later and claim that he deserves to pass through the actual innocence gateway. Because a guilty plea waives the defendant's right to prove his actual innocence at trial ... a strong argument can be made that a guilty plea should absolutely foreclose a post-conviction claim of actual innocence.... Unless the habeas petitioner has newly-discovered evidence that his guilty plea was a false declaration of guilt, he should not pass through the actual innocence gateway.

*Weeks v. Bowersox,* 119 F.3d 1342, 1356 (8th Cir.1997) (Loken, J., concurring), *cert. denied,* 522 U.S. 1093, 118 S.Ct. 887, 139 L.Ed.2d 874 (1998).

On the other hand, several courts have concluded that a defendant may obtain relief based on newly discovered evidence following a guilty plea. *People v. Schneider,* 25 P.3d 755, 760–64 (Colo.2001); *Bradford v. State,* 869 So.2d 28, 29 (Fla.Ct.App. 2004); *Chancy v. State,* 938 So.2d 251, 253 (Miss.2006); *Moore v. State,* 734 N.W.2d 336, 339 (N.D.2007); *State v. Fontaine,* 559 A.2d 622, 625 (R.I.1989); *Ex Parte Brown,* 205 S.W.3d 538, 544 n. 8 (Tex. Crim.App.2006).

In a thoughtful analysis, the Colorado supreme court noted "that defendants do choose to enter guilty pleas for reasons other than clear guilt." *Schneider,* 25 P.3d at 760. Indeed, such a decision "is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted." *Brady v. United States,* 397 U.S. 742, 756, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). As commentators and scholars have pointed out, "[e]ven an innocent defendant may rationally prefer a specified lenient sentence to the risk of a much harsher sentence resulting from a wrongful conviction at trial." Oren Gazal–Ayal, *Partial Ban on Plea Bargains,* 27 CARDOZO L.REV. 2295, 2297 (2006).[3] Therefore, as the Colorado court reasoned, "[i]n an era in which scientific techniques for analyzing evidence are advancing at a rapid pace, precluding the withdrawal of a plea on the basis of later-discovered evidence could work a significant injustice." *Schneider,* 25 P.3d at 760.

■ We find the reasoning of the Colorado supreme court and the other courts in accord persuasive. We also note that our post-conviction rule, although addressing waiver in a separate section, expressly states that "any person" who has been convicted or sentenced for a crime may bring a petition alleging newly discovered evidence. *Cf. Schneider,* 25 P.3d at 760 (recognizing that Colorado's rule "grants to 'every person' the right to seek postconviction relief"); *Fontaine,* 559 A.2d at 625 (holding an evidentiary hearing was necessary on a petitioner's claim of newly discovered evidence following a guilty plea and recognizing that Rhode Island's post-conviction rule "does not depend upon the plea entered by the applicant or the question of whether the applicant has been convicted after trial"). We also note that courts traditionally "take great precautions against unsound results, and we should

---

3. One scholar estimates that each year, 5,000 to 10,000 defendants plead guilty to felonies that they did not commit. *See* George C. Thomas III, *"Truth Machines" and Confessions Law in the Year 2046,* 5 OHIO ST. J. CRIM L. 215, 220 n. 39 (2007).

continue to do so, whether conviction is by plea or by trial." *Brady*, 397 U.S. at 758, 90 S.Ct. 1463. Based on these considerations, we hold that a petitioner who previously pled guilty is not precluded from bringing a claim of newly discovered evidence.

■ However, we emphasize that a petitioner seeking relief based on newly discovered evidence following a guilty plea must do more than merely show some sort of evidence tending to exculpate him. Indeed, we do not believe a defendant would be entitled to obtain relief "merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady*, 397 U.S. at 757, 90 S.Ct. 1463. The petition must also show that some sort of injustice has taken place. *See* P–C.R. 1(1); *cf. Schneider*, 25 P.3d at 761 ("Defendants should be allowed to withdraw properly entered guilty pleas only in order to avoid manifest injustice."); *Moore*, 734 N.W.2d at 339 (holding that petition must show that "the weight and quality of the newly discovered evidence would likely result in an acquittal at trial"); *Bradford*, 869 So.2d at 29 (holding that petitioner seeking relief based on newly discovered evidence following a guilty plea must plead and show a "manifest injustice").

In the context of newly discovered evidence following a trial, our supreme court has established a nine-part test for determining when such evidence warrants a new trial:

(1) the evidence has been discovered since the trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) the evidence is worthy of cred-

it; (8) it can be produced upon a retrial of the case; and (9) it will probably produce a different result at retrial.

*Taylor v. State*, 840 N.E.2d 324, 330 (Ind. 2006) (quoting *Carter v. State*, 738 N.E.2d 665, 671 (Ind.2000)).

■ We recognize that this nine-factor test does not apply as neatly to situations where the defendant pleads guilty. Still, Norris's newly-discovered evidence clearly is relevant, competent, and not privileged, and it appears that there would be no problem producing this evidence at any subsequent proceedings. Also, the recantation was clearly discovered subsequent to the guilty plea and could not have been discovered prior to the guilty plea. *See State v. McCraney*, 719 N.E.2d 1187, 1190 (Ind.1999) ("The proffered newly discovered evidence, [a witness's] statement that he lied at trial and that [the defendant] was not in fact involved in the shooting, was not and could not have been known at the time of trial.").

It is relatively difficult to apply factors three and four—whether the newly discovered evidence would be cumulative or impeaching of evidence introduced—as no evidence was actually introduced. Colleen initially stated to police officers that Norris had molested C.R., and a police report included in the record indicates that C.R. also told a police officer that Norris had molested her. However, Colleen's statement contained in the report would almost certainly have been inadmissible at trial. *See Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 2273–74, 165 L.Ed.2d 224 (2006) (statements made in response to police questions are "testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose for the interrogation is to establish or prove past events potentially relevant to later criminal prosecution"); *Crawford v. Washington*, 541

U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (holding the Constitution bars "admission of testimonial statements of a witness who [does] not appear at trial unless he [is] unavailable to testify, and the defendant had had a prior opportunity for cross-examination"). It also appears likely that statements in the report given by C.R., who was twelve years old at the time of the statement, would be inadmissible. *See* Indiana Code § 35–37–4–6(f) (indicating that where a "protected person" is unavailable to testify at trial, that person's statement will be admissible only if that person was available for cross examination at the time the statement was given or at a hearing where it is determined that the protected person is unavailable to testify at trial).

Moreover, we do not view the new evidence as merely impeaching. Colleen not only recanted her previous statements, but also explained her motivation for making these previous statements. This recantation is not only inconsistent with Colleen and C.R.'s previous statements to police, but also "serves as freestanding evidence of [Norris's] innocence, and does not merely call into question [these previous statements to police]." *McCraney*, 719 N.E.2d at 1190. Instead of merely impeaching Colleen's previous statement to police, her recantation was of the sort that destroyed her original statement. *See Wilson v. State*, 677 N.E.2d 586, 588 (Ind.Ct.App. 1997) (recognizing that "our supreme court decided long ago that evidence which destroys or obliterates the testimony upon which a conviction was obtained is not appropriately considered as merely impeaching evidence") (citing *Dennis v. State*, 103 Ind. 142, 2 N.E. 349, 355 (1885)). We also point out that although Colleen or

C.R. never testified to the allegations under oath,[4] Colleen's statements in her affidavit were subject to the penalty for perjury.

■ With regard to the indication in the police report that Norris admitted to officers that he had molested C.R., factual determinations would still be required in order to introduce such a confession into evidence and in order to determine whether the confession was of any weight. *See Miller v. State*, 770 N.E.2d 763, 772–73 (Ind.2002) (recognizing that the determination of whether a confession was given voluntarily is initially a question of fact for the trial court with regard to admissibility, and then one of fact for the jury to determine if the confession is worthy of any weight). Colleen's affidavit indicates that she knew Norris "would confess to anything if he thought he could go home when the police were done talking to him." Appellant's App. at 64. The psychological report also indicated that Norris likely has "substantial difficulties … in interpersonal relations, social communications, and occupational functioning depending in part on the complexity of the interaction and/or assigned task." *Id.* at 71. Citing this evidence, Norris's response to the State's motion for summary disposition argues that "this investigation has the earmarks of [a] very low functioning young man possibly being manipulated by the police." *Id.* at 62. We agree that the allegations in Norris's petition, supported by the affidavits and psychological report raise factual questions as to the voluntary and knowing nature of this confession. *See Miller*, 770 N.E.2d at 774 (holding that the trial court improperly excluded testimony that "would

---

4. We recognize that false reporting is a misdemeanor offense. Indiana Code § 35–44–2–2(d) (offense is a Class B misdemeanor, unless it substantially hinders an investigation or harms an innocent person, in which case it is a Class A misdemeanor). However, the penalty for perjury is more severe, as the offense is a Class D felony. Ind.Code § 35–44–2–1.

have assisted the jury regarding the psychology of relevant aspects of police interrogation and the interrogation of mentally retarded persons").

We finally turn to the requirements that the new evidence be credible and likely to lead to a different result. Such a determination is "a factual determination to be made by the trial judge who has the opportunity to see and hear the witness testify." *McVey v. State*, 863 N.E.2d 434, 446 (Ind.Ct.App.2007) (quoting *McCraney*, 719 N.E.2d at 1190), *trans. denied; see also Azania v. State*, 778 N.E.2d 1253, 1262–63 (Ind.2002) (recognizing that the issue involving recanted testimony "turns on credibility of witnesses"). Indeed, "when ruling on a motion for a new trial based on newly discovered evidence the trial court must assess the credibility of any proffered new evidence." *Webster v. State*, 699 N.E.2d 266, 269 (Ind.1998). Here, the trial court neither observed Colleen nor made any findings as to the credibility of the new evidence. *Cf. Lott v. State*, 690 N.E.2d 204, 211 (Ind.1997) (recognizing that the trial court made "careful and extensive findings about [the witness's] recantation"). We point out that by filing her affidavit, Colleen exposed herself to prosecution for false informing. *See* Ind. Code § 35–44–2–2; *cf. Wilson*, 677 N.E.2d at 589 (recognizing that the witness's recantation was credible as it exposed the witness to prosecution for perjury).

In light of the factual nature of these inquiries, we conclude that issues of material fact precluded summary disposition in this case. We make no statement as to the ultimate disposition, but conclude that in this case, a hearing is required to resolve factual issues raised by Norris's petition and the designated evidence. *See Evolga*, 722 N.E.2d at 372; *cf. Hamner v. State*, 739 N.E.2d 157, 160 (Ind.Ct.App. 2000) (recognizing that Post–Conviction Rule 1, section 4(f) "does not, however, dispense with the need for an evidentiary hearing when the determination hinges, in whole or in part, upon facts not resolved, even though it may appear unlikely that the petition will be able to produce evidence sufficient to establish his claim").

*Conclusion*

We conclude the trial court improperly granted the State's motion for summary disposition of Norris's petition for postconviction relief. Therefore, we reverse and remand with instructions that the trial court hold an evidentiary hearing.

Reversed and remanded.

MATHIAS, J., concurs.

FRIEDLANDER, J., dissents with opinion.

FRIEDLANDER, Judge, dissenting.

I believe the post-conviction court properly granted the State's Motion for Summary Disposition and therefore respectfully dissent from reversing that ruling.

I wish to clarify from the outset that I agree with the majority's conclusion that a petitioner may obtain relief from a guilty plea on the basis of newly discovered evidence. I part with the majority, however, on the question of whether Norris's petition for post-conviction relief is based on a cognizable claim of newly discovered evidence sufficient to warrant a fact-finding hearing. The majority concludes that it is, or at least that he has done enough to create a question of fact requiring a hearing, which in turn renders summary disposition inappropriate. I do not believe that a hearing is required; the affidavits of Norris's sister and father do not qualify as newly discovered evidence.

Our Supreme Court has enunciated nine criteria for determining whether newly discovered evidence warrants a new trial. Admittedly, those criteria arose in a different context than the one before us, but it seems clear to me that we should evaluate a claim of newly discovered evidence in either context utilizing the same criteria. Thus, to determine whether Norris's claim is viable in this context and can survive summary judgment, we should measure it against the aforementioned criteria established by our Supreme Court. Thus, to set aside a guilty plea on the basis of newly discovered evidence, Norris must demonstrate such evidence (1) has been discovered since the guilty plea hearing; (2) is material and relevant; (3) is not cumulative; (4) is not merely impeaching; (5) is not privileged or incompetent; and that (6) due diligence was used to discover it in time for trial; the evidence (7) is worthy of credit; (8) can be produced upon a retrial of the case; and (9) will probably produce a different result at retrial. *See Carter v. State,* 738 N.E.2d 665 (Ind.2000). We should receive claims of newly discovered evidence "with great caution" and carefully scrutinize the alleged newly discovered evidence. *McVey v. State,* 863 N.E.2d 434, 446 (Ind.Ct.App.2007), *trans. denied.* Finally, and importantly, "[t]he burden of showing that *all nine* requirements are met rests with the petitioner for post-conviction relief." *Taylor v. State,* 840 N.E.2d 324, 330 (Ind.2006) (emphasis supplied).

In my view, a hearing is not necessary in order to determine that the "newly discovered evidence" upon which Norris's claim is based cannot satisfy elements (4) and (7) above. The affidavits of Norris's sister and father *are* merely impeaching. Focusing specifically on the far more significant of the two, i.e., Colleen's affidavit, it represents nothing more than a recantation of her previous claim that Norris mo-lested C.R. As such, it cannot meet this criteria. *See, cf., McVey v. State,* 863 N.E.2d at 446 (the appellate court concluded that the recanting affidavit did not constitute newly discovered evidence because it "would merely serve to cast doubt on [the affiant's] trial testimony. As such, it would not destroy or obliterate her earlier testimony, but rather place her credibility at issue") (internal citation to authority omitted). The affidavits suffer the same fatal flaw with respect to element (7). As we observed in *McVey,* any value the recantation affidavits might have is "seriously limited" by the original statements that they contradict. *Id.* at 446.

Upon my conclusion that Norris's alleged newly discovered evidence does not on its face satisfy the *Carter* criteria, I would affirm the grant of summary disposition in favor of the State.