ATTORNEY FOR APPELLANT
Nancy A. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Arthur Thaddeus Perry
Special Deputy Attorney General
Indianapolis, Indiana

_____

In the

## Indiana Supreme Court

_____
No. 43S03-0807-CR-379

SHAWN E. NORRIS,                                           *Appellant/Petitioner Below,*

v.

STATE OF INDIANA,                                        *Appellee/Respondent Below.*

_____

Appeal from the Kosciusko Circuit Court, No. 43C01-0408-FC-134
The Honorable Rex L. Reed, Judge

_____

On Transfer from the Indiana Court of Appeals, No. 43A03-0708-CR-396

_____
**November 12, 2008**

_____

**Dickson, Justice.**


Four years after his guilty plea, conviction, and sentence for child molesting, the defendant sought post-conviction relief on grounds of newly discovered evidence. The post-conviction court granted the State's motion for summary disposition,[1] and the defendant appealed. The Court of Appeals reversed and remanded for an evidentiary hearing before the post-conviction court. Nor-

_____

[1] P-C. R. 1, section 4(g) states

> The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

ris v. State, 881 N.E.2d 691, 692 (Ind. Ct. App. 2008). We granted transfer and now hold that a guilty plea may not be challenged in post-conviction proceedings by a claim of newly discovered evidence regarding the events that constituted the crime.

In June 2004, the State filed a delinquency petition charging that the defendant, prior to his eighteenth birthday, had performed an act that, if committed by an adult, would constitute Child Molesting, a class C felony. The juvenile court waived jurisdiction and child molesting charges were filed against the defendant in adult court. On December 9, 2004, the defendant pleaded guilty in accordance with a plea agreement calling for a maximum executed sentence of two years, which was imposed by the trial court. The defendant did not attempt a direct appeal but in December 2006 filed a Petition for Post-Conviction Relief on the grounds of newly discovered evidence to show "that the events with which the Petitioner was charged did not happen, and that the testimony and evidence was manufactured and that the Petitioner is innocent of all charges filed against him." Appellant's App'x at 46. The defendant's post-conviction petition did not allege ineffective assistance of counsel. He is not seeking to withdraw his plea and proceed to trial but rather to set aside and vacate his conviction. *Id.* The State moved for summary disposition, to which the defendant responded with various items, including an affidavit from Colleen Norris, mother of the victim and sister of the defendant, recanting allegations she had made to police in 2004 accusing the defendant of sexually molesting her daughter. In its order granting the State's motion for summary disposition, the trial court found "that there is no genuine issue of material fact, that the Petitioner did indeed do what he admitted, and the State is entitled to judgment as a matter of law." Appellant's App'x at 75-6.

The defendant's appeal contends that genuine issues of material fact preclude the grant of summary disposition. In opposition to the State's motion for summary disposition, the defendant submitted an affidavit from his sister declaring that she had lied to police and that the defendant had not committed any act of molestation, and a psychological evaluation that the defendant contends shows that, "because of his limited mental capacity and personality, [he] could be convinced to say anything she wanted him to believe." Appellant's Br. at 8. The defendant argues that these submissions entitled him to an evidentiary hearing on his petition for post-conviction relief.

2

An appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a motion for summary judgment. Allen v. State, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003), *trans. denied*. Thus summary disposition, like summary judgment, is a matter for appellate *de novo* determination when the determinative issue is a matter of law, not fact. Burnside v. State, 858 N.E.2d 232, 237 (Ind. Ct. App. 2006), *trans. not sought*. The question presented by this case, whether a conviction following a plea of guilty may be challenged by alleging newly discovered evidence relating to the nature of the charged offense, is such a question of law.

A conviction entered pursuant to a guilty plea stands on grounds substantially different from one entered based on a determination of guilt following the presentation of evidence. The former does not rest upon any factual evidence other than a defendant's testimony establishing the factual basis for his plea. Of course, the sentence imposed following such conviction is based on sentencing facts, but the essence of the present appeal is a challenge to the conviction, not the sentence. The defendant's petition for post-conviction relief is seeking to vacate his sentence by presenting "evidence of material fact which had not previously been presented to or heard by the court which would have proven he did not commit the crime." Appellant' Br. at 2. His conviction was based, however, only on his plea of guilty, not upon the testimony of his sister whose recantation he now presents to support his claim. He thus wishes to now contest the factual accuracy of his own guilty plea. This challenge implicates the nature and purpose of a guilty plea.

In 1970, the United States Supreme Court found that the federal Constitution did not bar a court from accepting a guilty plea when the defendant maintains innocence. North Carolina v. Alford, 400 U.S. 25, 38, 27 L. Ed. 2d 162, 91 S.Ct. 160 (1970). But Alford explicitly recognizes that the individual states may refuse to accept guilty pleas that accompany protestations of innocence. *Id.* at 38 n.11. Indiana law has long refused to accept such "Alford" pleas. Over fifty years ago, this Court held that "a plea of guilty tendered by one who in the same breath protests his innocence, or declares he does not actually know whether or not he is guilty, is no plea at all." Harshman v. State, 232 Ind. 618, 621, 115 N.E.2d 501, 502 (1953). "A defendant who says he did the crime and says he did not do the crime has in effect said nothing, at least nothing to warrant a judge in entering a conviction." Carter v. State, 739 N.E.2d 126, 128-29 (Ind. 2000). Indiana ju-

3

risprudence has insisted that a factual basis must exist for a guilty plea, and that a judge may not accept a guilty plea while a defendant claims actual innocence. Ross v. State, 456 N.E.2d 420, 423 (Ind. 1983). This rule was designed to both increase the reliability of guilty pleas and prevent the diminishment of respect for the court system as jailing people who committed no crime. *See* Trueblood v. State, 587 N.E.2d 105, 107 (Ind. 1992).

A defendant's plea of guilty is thus not merely a procedural event that forecloses the necessity of trial and triggers the imposition of sentence. It also, and more importantly, conclusively establishes the fact of guilt, a prerequisite in Indiana for the imposition of criminal punishment. The defendant here is seeking to undermine the sanctity of his own guilty plea by seeking to challenge facts that were presented to police and led to his arrest and the filing of criminal charges against him. He is not contesting any testimonial evidence at trial that resulted in a determination of guilt notwithstanding a not-guilty plea.

Our post-conviction procedures do not expressly address this distinction. Indiana Post-Conviction Rule P-C 1 provides in relevant part:

> Section 1. Remedy – To whom available – Conditions
> (a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:
>> * * *
>> (4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
>> * * *
> may institute at any time a proceeding under this Rule to secure relief.
> * * *
> Section 8. Waiver of or failure to assert claims.
> All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for
> sufficient reason was not asserted or was inadequately raised in the original petition.

Ind. P-C.R. 1(1)(a), (8).

In establishing the extraordinary remedy of post-conviction relief, we intended the phrase "material facts, not previously presented and heard," in Section 1(a)(4), to refer to evidentiary facts presented to the trial court and which had a sufficient causative effect on a resulting determination of guilt. More significantly, post-conviction relief generally may not be based upon any "ground . . . knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction." P-C R. 1(8). A plea of guilty thus forecloses a post-conviction challenge to the facts adjudicated by the trial court's acceptance of the guilty plea and resulting conviction. The facts established by a plea of guilty may not be later challenged in post-conviction proceedings.[2]

Though this defendant now claims that new evidence would require that his conviction be vacated, we cannot harmonize this new position taken by the defendant with the fact that he originally admitted to committing the crime by his guilty plea. It is inconsistent to allow defendants who pleaded guilty to use post-conviction proceedings to later revisit the integrity of their plea in light of alleged new evidence seeking to show that they were in fact not guilty. Both his confession and his new claims cannot be true. A defendant knows at the time of his plea whether he is guilty or not to the charged crime. With a trial court's acceptance of a defendant's guilty plea, the defendant waives the right to present evidence regarding guilt or innocence. This constitutes a waiver under P-C R. 1(1)(8), set forth above.

To reinforce his claim of newly discovered evidence that the defendant's sister (whose report to law enforcement which led to his arrest and the filing of charges) has now recanted, the defendant claims that such evidence would show that, because of his limited verbal and non-verbal skills, low intellectual functioning, and mild mental retardation, the defendant's sister "could convince [him] to say what she wanted him to say." Appellant's Br. at 14. A defendant may have recourse to post-conviction proceedings to seek a withdrawal of his guilty plea whenever the plea was not knowingly and voluntarily made. I.C. § 35-35-1-4(c)(3). But here the defendant is not asserting a claim challenging the knowing and voluntary nature of his plea nor seeking to withdraw his plea. The defendant has already served his sentence of imprisonment and does not wish to set aside his guilty plea and proceed to trial, but rather seeks only to set aside and vacate his

_____

[2] This appeal does not involve any request for post-conviction DNA testing that pursuant to statute, if favorable to the defendant, may result in "a new trial or any other relief as may be appropriate under Indiana law or court rule." Ind. Code § 35-38-7-19(3).

5

conviction. Appellant's App'x at 46. This was repeatedly confirmed by defense counsel during oral argument. The issue of whether the defendant's plea was knowing and voluntary is therefore not presented.

We affirm the trial court's granting of the State's motion for summary disposition and the resulting denial of the defendant's petition for post-conviction relief.

Shepard, C.J., and Sullivan, J., concur. Boehm, J., concurs in result with separate opinion in which Rucker, J., concurs.

**Boehm, Justice, concurring in result.**

I agree with the majority that Norris has not shown that the post-conviction court erred in dismissing his petition. I do not agree with the majority that a guilty plea precludes a court from granting post-conviction relief on a claim of actual innocence. Any system of justice must allow for correction of injustice based on clear and convincing evidence of innocence, even if the defendant can be said to have contributed to his own plight by pleading guilty. See Sanchez v. State, 749 N.E.2d 509, 515 (Ind. 2001) (affirming earlier decisions holding or assuming that "fundamental fairness in judicial proceedings is assumed and required by our state constitution").

The easiest example of such circumstances is irrefutable physical evidence of innocence where the defendant pleaded to a lesser charge in the face of highly persuasive but not conclusive evidence of guilt of a crime carrying a far higher penalty. An example posited at oral argument in this case assumed a defendant charged with rape. The victim is intelligent and articulate, and identifies the defendant as the perpetrator without equivocation or hesitancy. She also testifies that she had intercourse with no one other than the perpetrator within the month preceding the crime, and that the sample taken from her by examiners is from the perpetrator. The defendant has no alibi, and faced with a Class A felony conviction, pleads guilty to a Class C battery felony. DNA technology now establishes to a virtual certainty that the sample did not come from the defendant. The State in oral argument seemed to concede these circumstances would establish a claim for relief despite a guilty plea. If a more persuasive example is needed, add to these facts a confession by a third party whose DNA turns out to match the sample from the victim's rape kit. I recognize that DNA presents special issues and may permit relief where other forms of evidence do not. I cite this example simply as a case that demonstrates that not all guilty pleas should be immunized from subsequent attack, regardless of whether the convincing evidence is derived from DNA testing.

The only basis for denying relief to a defendant presenting convincing evidence of innocence is the convenience of the system in avoiding having to sort out which of such claims is indeed of sufficient merit to permit the courts to entertain them. There is no doubt that all sorts of cases will arise where evidence not adduced at trial is claimed to demonstrate innocence. But in my view, where there is a very high degree of confidence that justice did indeed misfire, no civi-

lized system of justice would deny all relief. The United States Supreme Court has assumed that, at least in some circumstances, the federal Constitution may require relief for a defendant making a persuasive claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 417 (1993) ("We may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant habeas relief if there were no state avenue open to process such a claim."). We need not look to the federal or state constitutions for such a requirement. Our Post-Conviction Rule 1(a)(4) acknowledges the need for relief on a showing of "evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." The interest of justice surely requires overturning a conviction of an innocent person.

I recognize that this state has long held that an Alford plea—"I plead guilty but I didn't do it"—is not to be accepted. That rule is not based on the notion that such pleas do not occur. Nor does it, as the majority claims, "conclusively establish the fact of guilt." The law treats it as having that effect, but it is a fiction to claim that it has that effect in every case. The rule against accepting Alford pleas is not based on the idea that a person pleading guilty is always guilty. Rather, it is designed to cause the courts to identify such a false plea when it occurs and reject it in the interest of achieving a truly just result. The wisdom of that rule is not the point here. Assuming that rejection of Alford pleas serves to further the correct resolution of criminal cases in the first place, it cannot be said with confidence that no innocent person has ever pleaded guilty in this state. If that occurs because of prosecutorial misconduct, the law provides some paths to redress. But not every plea by an innocent person is the product of wrongdoing. Such a plea may occur because the person mistakenly believes himself to be guilty. It can also occur because the probability of a far worse result is too great if a plea bargain is rejected. The hypothetical situation discussed above is an example of the latter. In either case, while one may fault the defendant for pleading guilty when he is not, by far the greater fault lies in an imperfect system of justice that often relies on eyewitness testimony and other forms of proof that can, with the best of intentions, produce wrong results. Post-conviction relief under Post-Conviction Rule 1 is the only path under our rules to redress such an injustice. I would not close that door.

2

Having said that, I do not believe Norris has presented evidence that meets the standards required by Post-Conviction Rule 1(a)(4), which permits relief on a showing of new evidence that "requires vacation of the conviction or sentence in the interest of justice." The interest of justice is served by finality as well as accuracy. We therefore should upset a guilty plea only where we have a very high degree of confidence that it was in fact incorrect. Cf. Herrera, 506 U.S. at 417 ("[T]he threshold showing for such an assumed right [to habeas relief if state relief were foreclosed] would necessarily be extraordinarily high.").

The evidence presented here is the affidavit of the defendant's sister, who now says she vindictively wrongly accused Norris of misconduct with her daughter. She also says that Norris is susceptible of being influenced and pleaded guilty due to her domination. Norris also presents the affidavit of his father, who states that the molestation could not have occurred because of the home's layout, and that Norris is mentally retarded and easily influenced. Additionally, Norris presents a psychological evaluation concluding that he functions between "the extremely low and borderline range of intellectual functioning." This is not the sort of evidence that is sufficient to overcome a guilty plea. It is itself inherently somewhat suspect, coming as it does after the fact and from relatives of the defendant, but not from the victim.[3] I therefore conclude that the showing presented here is insufficient to overcome the strong presumption that a guilty plea is in fact a truthful admission of guilt.

Rucker, J., concurs.

---

[3] At oral argument, Norris pointed out that the appendix contains a letter from the victim to the trial court several months before the post-conviction petition was filed stating that she lied to police under threats from her mother. This letter was not written under oath, and Norris submitted no statement from the victim in support of his petition for post-conviction relief.